The People *v.* Overseers of the Poor of the town of Berne.

to the contrary, we must adopt and in this case apply this rule of construction which is so well established, and so reasonable in itself.

Again, the defendants, to establish the line contended for by them, are compelled to abandon the range of rocks, at Gertrude's nose, and cross a valley or open space of at least a mile in extent before the rocks are again reached which they claim constitute the range of rocks called for by the grant. After a careful examination of the case I am led to the conclusion that the line claimed by the plaintiff is the true boundary of the said lot. And that the plaintiff should have judgment accordingly, with costs.

[ALBANY GENERAL TERM, September 19, 1865. *Hogeboom, Miller* and *Ingalls,* Justices.]

---

THE PEOPLE, *ex rel.* Isaac R. Finch, *vs.* THE OVERSEERS OF THE POOR OF THE TOWN OF BERNE, Albany County.

A certiorari to review proceedings under the title of the revised statutes relating to " the relief and support of indigent persons," to seize the property of a person who has absconded leaving his wife and children chargeable, or likely to become chargeable, to the public for support, can not be sued out by one who was not a party to, and has no interest in the subject matter of, the proceedings.

COMMON law certiorari, directed to the court of sessions of Albany county.

*Henry Smith,* for Isaac R. Finch the relator.

*Lyman Tremaine,* for the respondent.

*By the Court,* INGALLS, J. This proceeding comes before this court upon a return to the writ of certiorari. Upon the application of the overseers of the poor of the town of Berne

a warrant was issued by two justices of the peace of said town, directing the seizure of the property of Smith S. Finch under the provision of the revised statutes entitled "Of the relief and support of indigent persons,"(2 *R. S.* 615, §§ 8 *to* 13,) on the ground that the said Smith S. Finch had absconded leaving his wife and children chargeable, or likely to become chargeable to the public for support. An inventory was made and returned by the overseer of the poor, containing a description of a farm formerly owned by the said Smith S. Finch, and which was on the 17th day of November,1863, conveyed by him to Isaac R. Finch, the relator, and also certain personal property which said Isaac R. Finch also claims was sold to him on the same day. *Isaac R. Finch was not a party to the proceeding.*

It is insisted by the respondent's counsel that, as Isaac R. Finch was not a party to the original proceeding, he could not resort to the writ of certiorari, to review the same. I think this position unanswerable. The only possible excuse for such interference by Isaac R. Finch, is the fact that the property purchased by him of Smith S. Finch had been included in said inventory. The mere description of such property in the inventory, certainly did not divest or affect the title of said Isaac R. Finch, when he was not a party to the proceeding, and when it was not intended to try the title to property with third parties. Isaac R. Finch had no interest whatever in the subject matter of the proceeding. He was a mere intruder, and was in no situation to resort to the writ or certiorari. (*Colden* v. *Botts*, 12 *Wend*, 234. *Tiffany and Smith's New York Practice, vol.* 2, *p.* 230. *Ex parte The Mayor &c. of Albany,* 23 *Wend.* 277.)

When a party has another adequate remedy, he must resort to it, rather than to the writ of certiorari. (*The People,* ex rel. *Onderdonk,* v. *The Supervisors of Queens County,* 1 *Hill,* 195. *The People* v. *Mayor of New York,* 2 *id.* 12. )

It is quite clear that if Isaac R. Finch was really the pur-

chaser, and *bona fide* owner of the property, he was unaffected by the proceeding, and had an ample remedy, when disturbed in the possession of the property, upon which he should have relied, instead of resorting to the writ of certiorari to bring up for review proceedings to which he was not a party, such writ being wholly inappropriate to determine the title to property when claimed by third parties. I am therefore of opinion that the writ should be quashed, with costs.

[ALBANY GENERAL TERM, September 19, 1865. *Hogeboom, Miller* and *Ingalls,* Justices.]