The People ex rel. Lawrence v. Schell.

Judgment affirmed.

THE PEOPLE ex rel. ABNER W. LAWRENCE v. ADAM SCHELL, Commissioner, and WALTER B. FOSTER, Town Clerk.

(GENERAL TERM, FOURTH DEPARTMENT, JANUARY, 1872.)

A writ of *certiorari* will not be sustained to review the proceedings of a highway commissioner in laying out a road, where it appears that the relator was not a party to the proceedings for laying out such road, and has no direct interest in the road, either as owner of property over which it passes, or otherwise; the only interest which he claims in the proceeding being that his business as a tavern-keeper will be injured by the highway to be laid out, by the diversion of travel from the road on which his tavern is located.

The People ex rel. Lawrence *v.* Schell.

It seems one whose lands are not interfered with, and having no interest except as inhabitant, taxpayer or officer of the town, is not entitled to a *certiorari* to review the action of highway commissioners of the town in laying out a highway.

THE facts appear from the opinion of the court.

*H. O. Southworth*, for relator.

*Adams & Swan*, for respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court—JOHNSON, J.   This is a common-law certiorari to review the proceedings of the defendant Schell, as commissioner in laying out a road " from the settlements in Lewis county to Brown's tract in Herkimer county," under an act of the legislature passed April 14, 1865.

A motion is also made on the part of the respondents to quash the certiorari, on the ground that the relator has no such interest in the question as to entitle him to sue out and maintain the writ.   Both are heard together.   The writ was granted *ex parte* on the affidavit of the relator, and the motion to quash is founded upon such affidavit and the return made to the writ by the respondents.   The affidavit on which the writ was allowed to be issued does not show that the relator has any direct interest in the road, the laying out of which he seeks to have reviewed by this writ.   It does not pass through his lands, but starts from the highway which passes his house about a half mile west thereof, and he was no party to the proceeding.

The only complaint which the relator makes of injury to his interest is that he keeps an inn or tavern, and that the new road, if allowed to be opened, will divert travel from the road on which his tavern is located.

He also sets forth that several miles east from his tavern-stand is another tavern-stand belonging to one Arnold, and that the new road will take custom from that tavern as well

as his own, and that he sues out the writ as well in behalf of Arnold as himself. The return shows that the road complained of is laid out through lands of other persons who requested the same to be laid out through their lands, and who make no claims for damages. That the road laid out is about ten miles in length, and, if ever opened and traveled, will shorten the distance between the point where it leaves the old road, and where it terminates, between two and three miles over the distance traveled by the old road, and that the old road by the relator's tavern, and by Arnold's, has not been discontinued or otherwise interfered with, but remains as it was before.

Upon this state of facts it is entirely clear that the relator can have no standing in court on this question; he has no such interest in the matter as will enable him to have the proceedings in laying out the new road reviewed. If his interests are to be prejudiced by the new road, it is only in a remote and incidental manner. This is not enough to enable him to sue out this writ. The relator, in such a proceeding, must show that he is either a party to it in form, or that his property or rights are so immediately and directly involved and affected by it as to make him, in substance and legal effect, a party, or the court will not entertain the writ in his favor, but quash it. (*The People* v. *Overseers of the Poor of the Town of Berne*, 44 Barb., 467; *The People* v. *Stryker*, 24 id., 649; *Starkweather* v. *Seeley*, 45 id., 165; *Colden* v. *Botts*, 12 Wend., 234.)

And it was expressly held, in the seventh judicial district, at General Term, in a case not reported, that a person whose lands had not been interfered with in laying out a highway, and who had no interest in the question except as an inhabitant or tax-payer or officer of the town, could not have such a writ to review the action of the commissioners of highways of the town in laying out a highway in such town. It would be quite intolerable, in practice, to allow any and every person who might disapprove of the proceedings and determination of the commissioners, in such a case, to prosecute a pro

ceeding like this. Every person has the undoubted right to lay out and open, or cause to be laid out and opened, a road through his own lands, and dedicate it to the public use as a highway; and no third person can complain, nor will the law afford him any means to prevent it.

No person has any vested right in public travel upon a highway, by which he can compel it to pass by his premises, and prevent the opening of other roads which may divert it. Should the new road ever be opened and worked, and persons having occasion to pass in that direction prefer to take it, and avoid the round-about way by the relator's hostel and the temptation of its inviting cheer, it might, and probably would, result in a loss of gains and profits to the relator, which would otherwise accrue. But this is not such an interest as courts are called upon to foster or protect. The writ must, therefore, be quashed, with ten dollars costs of the motion and the costs of the proceeding.

Ordered accordingly.