The State ex rel. Rogers and another, Appellants, vs. Wheeler, Respondent.

*September 8 — September 28, 1897.*

*Appeal in highway proceedings: Statutory construction:* Mandamus.

1. It is not essential, under sec. 1276, R. S. (giving to any person who shall "consider himself aggrieved" by any order of the board of supervisors in proceedings to lay out, discontinue, etc., a highway, the right to appeal and apply for the appointment of commissioners), that the appellant should be the owner of land affected by the highway, or have any special interest therein, but it is sufficient if he *considers* that he is injured by such decision or order.

2. Any freeholder of a town, who "considers himself aggrieved" by the action of the town supervisors in laying out or discontinuing a highway, may appeal therefrom, and may by *mandamus* compel the county judge to appoint commissioners, if he refuses to do so on the ground that the appellant is not aggrieved.

3. Our statute in regard to appeals in highway proceedings was adopted from that of the state of New York, the words "conceive" and "consider" being substantially equivalent, and it is to be construed as previously construed in that state.

Appeal from a judgment of the circuit court for Walworth county: Frank M. Fish, Circuit Judge. *Reversed.*

Such proceedings were duly had according to law that the supervisors of the town of East Troy, Walworth county, altered a highway in such town which had theretofore existed for a number of years. Such highway was the only means of access by public road to Lake Beulah. The relators were hotel keepers and liverymen, whose business as such was inju-

riously affected by the alteration of the highway. Neither of them owned any land abutting on such highway. They owned and operated hotels and livery stables in the town and were affected by the alteration solely by reason of their business as hotel keepers and liverymen. They proceeded, under the statute, to appeal to the county judge to appoint commissioners to review the proceedings of the supervisors in determining to alter such highway. The notice of appeal set forth the facts in regard to their interest in the highway, and that they considered themselves aggrieved by the alteration. Upon the matter going before the county judge for the appointment of commissioners, a motion was made by respondents to dismiss the proceedings, because it appeared that the relators were not parties aggrieved within the meaning of sec. 1276, R. S. The motion was granted, and thereupon a petition was filed in the circuit court setting forth the facts, and an alternative writ of *mandamus* obtained, requiring the county judge to proceed in the appeal proceedings to appoint commissioners or to show cause why to the contrary before the circuit court on a day named in the writ. Such proceedings were thereafter had upon the return of the alternative writ of *mandamus* that the circuit court quashed the writ and dismissed the *mandamus* proceedings upon the ground that the petition failed to show that the relators were parties entitled to appeal from the action of the supervisors in altering the highway. From the judgment accordingly entered this appeal was taken.

For the appellants there was a brief by *Ryan & Merton*, attorneys, and *Fethers, Jeffris, Fifield & Mouat*, of counsel, and oral argument by *T. E. Ryan*.

For the respondent there was a brief by *D. S. Tullar* and *D. B. Barnes*, and oral argument by *Mr. Tullar*. They argued, among other things, that the question whether the party appealing has a right under the statute to appeal is essentially a preliminary one, proper to be raised before and

·decided by the county judge. *Amory v. Amory,* 26 Wis. 152. Unless the appellants were parties or privies to the order of the supervisors they were not entitled to appeal or to be ·heard thereon. Elliott, Roads & Streets, 272, note 4; *State v. Richmond,* 26 N. H. 232; *Supervisors v. Gorrell,* 20 Gratt. ·484; *Barr v. Stevens,* 1 Bibb, 292; *Clifford v. Eagle,* 35 Ill. ·444; 2 Ency. of Pl. & Pr. 159. To entitle a person to ap- ·peal under sec. 1276, R. S., he must be aggrieved in a *legal* ·sense, that is, he must have been specially damaged. *Downer v. Howard,* 47 Wis. 476; *Strong v. Winston,* 3 Pin. 27; *Foster v. Dunklin,* 44 Mo. 216; *Overbeck v. Galloway,* 10 id. 364; *Armstrong v. Truitt,* 53 Ark. 287; *Matter of Southern Boulevard,* 3 Abb. Pr. (N. S.), 447; *Schuster v. Sup'rs of Lemond,* 27 Minn. 253; *State ex rel. Board of Comm'rs v. Barton,* 36 id. 145; *State ex rel. Williams v. Holman,* 40 id. 369; *Taylor v. Comm'rs of Highway of Normal,* 88 Ill. 526; *Comm'rs of Highways v. Quinn,* 136 id. 604; *Kimball v. Homan,* 74 Mich. 699; *Vanderstolph v. Boylan,* 50 id. 330; *Davis v. Hampshire Co.* 153 Mass. 218; *Smith v. Boston,* 7 Cush. 254; *Castle v. Berkshire Co.* 11 Gray, 26; *Chandler v. R. R. Comm'rs,* 141 Mass. 208; *Stanwood v. Malden,* 157 id. 17. Whether the county judge acted judicially or ministerially in the matter *mandamus* would not lie. *State ex rel. Sawyer v. Greene,* 91 Wis. 500.

MARSHALL, J. Three questions are presented on this appeal: First, had the county judge jurisdiction to consider and decide upon the right of the relators to appeal from the determination of the supervisors altering the highway? Second, if such jurisdiction did not exist and the relators had no right to appeal under the statute, could the county judge be compelled by *mandamus* to appoint commissioners on such appeal? Third, were the relators entitled to appeal under the statute? If the relators had such right of appeal, upon the refusal of the county judge to appoint the com-

missioners, there being no appeal from his decision given by statute, the proper remedy was by *mandamus*, and the circuit court should have granted the proper writ as prayed for by the appellants in their petition. *Western Union R. Co. v. Dickson*, 30 Wis. 389. Therefore, the first question to be considered is, Were the relators entitled to take the appeal? If that be determined in relators' favor it is decisive of this appeal, and the other questions need not be considered.

The initial question above referred to turns on the proper construction of the language of sec. 1276, R. S., which is as follows: "Any person who shall consider himself aggrieved by any order laying out, altering, widening or discontinuing any highway, or by any refusal so to do under the preceding provisions, may, within thirty days after such determination, appeal therefrom and apply to a justice of the peace of the same or an adjoining town in the county, or to the county judge, for the appointment of commissioners to review such order or determination. Such application shall be in writing and shall briefly state the grounds upon which it is made, and whether it be made to reverse entirely such order or determination, or only a part; and in the latter case it shall state what part." It was contended before the county judge that, inasmuch as the grounds for the appeal stated by the relators in their notice of appeal failed to show that they were injuriously affected by the alteration of the highway in any other way than the public generally, they did not bring themselves within the statute; that it is essential to the right of appeal that the person asserting it show by the notice of appeal some special injury — some injury peculiar to himself and not common to the public. The county judge sustained such contention, and in the proceedings by *mandamus* to compel him to appoint the commissioners the same question was presented with a like result.

Our statute, without material change so far as relates to the question here presented, was adopted from the state of

New York. In the Revised Statutes of 1849 it is section 73 of chapter 16; in the Revised Statutes of 1858 it is section 77 of chapter 19. The particular language under consideration has not been changed from the first. It has remained the same from the adoption of the New York statute in 1848 through the various revisions down to the present time. The wording in New York (see 1 Rev. St. 1829, p. 518, §§ 84, 86) was as follows: "Every person who shall conceive himself aggrieved by any determination of the commissioners of highways, either in laying out, altering or discontinuing, or in refusing to lay out, alter or discontinue, any road, may at any time within sixty days thereafter, appeal. . . . Every such appeal shall be in writing, . . . shall briefly state the grounds upon which it is made, and whether it is brought to reverse entirely the determination of the commissioners or only to reverse part thereof; and in the latter case, it shall specify what part." It will be observed that there is no difference between the two statutes affecting the question here, unless it grows out of a difference in meaning between the words "considers himself aggrieved" and the words "conceives himself aggrieved." If any such difference exists, the former is the broader of the two terms. *Conceive* means to believe, suppose, form a notion, or think; *consider* means to think, regard in a certain aspect, look upon, hold, or assume. Cent. Dict. The former is synonymous with think, believe, apprehend, imagine, understand. Webst. Dict. That the two terms mean substantially one and the same thing, there is no room for serious discussion. It is so recognized in New York, as shown most clearly in *People ex rel. Babcock v. Cherry Valley Comm'rs*, 8 N. Y. 476 (1853), where WILLIAMS, J., in the opinion of the court, speaking of the section that gives the right of appeal from the decision of the commissioners of highways, said that it gives the right of appeal to any person who "*considers himself aggrieved.*"

Having come to the conclusion that our statute had its origin in the state of New York and that it was adopted here from such state, it follows that the judicial construction given to it in the former state, before and at the time of such adoption, was adopted also, and is the law here even if the courts there have since departed from such construction. *Draper v. Emerson*, 22 Wis. 147; *Westcott v. Miller*, 42 Wis. 454; *Dutcher v. Dutcher*, 39 Wis. 651; *Pomeroy v. Pomeroy*, 93 Wis. 262.

In *People ex rel. Shaut v. Champion*, 16 Johns. 61, decided in 1819, cited by appellants, the precise question here presented was first raised, with the result that it was held that the words "conceives himself aggrieved" should be given their plain and natural signification; that it satisfies the statute if the person seeking to appeal "conceives himself aggrieved," whether he be in fact aggrieved or not. S<small>PENCER</small>, J., who delivered the opinion of the court, said: "The statute gives the right of appeal to any person who 'conceives himself aggrieved' by the determination of the supervisors. . . It cannot admit of a doubt that any person may appeal whether he be aggrieved or not; it satisfies the statute if he 'conceives himself to be aggrieved.'" In *People ex rel. Ridgeway v. Cortelyou*, 36 Barb. 164, decided in 1862, the early case was followed. The commissioners of highways laid out a highway. A resident and taxpayer of the town duly appealed to the county judge from the decision of such commissioners, stating in his notice of appeal the grounds thereof, and that he conceived himself aggrieved. The county judge appointed referees to hear the appeal, and, upon its appearing to them that the appellant was not the owner of land affected by the highway, dismissed the appeal. The proceedings were, by writ of *certiorari*, removed to the supreme court for review, and it was there held, after a full discussion of the subject, that it is not essential to the right of appeal that the person appealing

should be the owner of land affected by the highway, or have any special interest therein; that it is sufficient to satisfy the statute if he considers, or is of the notion, that he is injured by the decision of the commissioners. The writ, however, was quashed upon the ground that *mandamus* was the proper remedy; that the referees, having failed to make any determination of the questions submitted to them as required by law, but on the contrary having refused to act, it was not the office of a writ of *certiorari* to review such refusal, for there was nothing to affirm or reverse; that the remedy was by *mandamus* to set the referees in motion and compel them to perform their official duties. On the main question, BROWN, J., who delivered the opinion, said: 'The statute is sufficiently comprehensive to include a resident freeholder and taxpayer of the town where the road is located. Its general terms show that the legislature had no intention to restrict the right of appeal to applicants for the road and those persons over whose land it was proposed to lay it out. To entitle a resident freeholder and taxpayer to be heard upon an appeal from an order discontinuing a public road, which he, and those under whom he claimed, have used time out of mind, and which contributes to his convenience and enhances the value of his property, must it appear that the road was through his land, or that he is an applicant for the discontinuance? That is at variance with the letter, as it also is with the spirit and intent, of the statute.' The court further said, in effect, that if a party to the proceedings were a resident freeholder, he might be an actor upon either side of a controversy for the laying out of a highway upon the original hearing, or by appealing from the decision rendered on such hearing, without being the owner of any land affected by the highway or having any special interest in the question involved. There is much reason in this construction of the statute. We may illustrate, as did Mr. Justice BROWN in the case cited: Under sec. 1265, R. S., proceed-

ings to lay out, widen, discontinue, or alter a highway may be set in motion by the petition of six or more freeholders of the town. It is not necessary that they be owners of land affected by the highway, or that they have any special interest therein. If the construction of sec. 1276 contended for by respondent prevail, then the result will be that a person may be a party to such proceedings, to set them in motion, without any special interest in the subject, but if the decision be against the application, he will be powerless to appeal. Certainly the legislature could not have intended any such absurdity. The right of appeal must certainly be as broad as the right to institute proceedings.

It will serve no useful purpose to review the numerous decisions of other states, some of which undoubtedly conflict with the views above expressed. Whether, in view of such decisions, we would have reached a different conclusion than the one here announced if we were free to consider the subject as an original question in this court, unfettered by the foreign construction to which we have referred, need not be discussed. The statute having come to us with such foreign construction, such construction was effectually written into it and became the law of this state by adoption as much as the statute itself.

We have not overlooked *People ex rel. Lawrence v. Schell,* 5 Lans. 352, cited in *People ex rel. Scrafford v. Stedman,* 57 Hun, 284. That case has no bearing on this, first, because it is the decision of an inferior court and would not change the rule as laid down in the early case; second, the decision was rendered after the construction of the statute given in *People ex rel. Shaut v. Champion,* 16 Johns. 61, became, by adoption, a part of the law of this state; third, because the decision did not turn on the construction of the statute, giving the right of appeal to the county judge to have the decision of the commissioners of highways reviewed by other persons appointed by such judge, in the manner provided by

law, but turned on the right of a person, having no special interest in the proceedings, to challenge the decision of the commissioners for jurisdictional defects. The question here presented was not in the case at all. A careful examination of a large number of decisions in New York since *People ex· rel. Shaut v. Champion,* where proceedings under the high-- way law of that state were considered, fails to disclose any· ground for holding that the early construction of the stat- ute, above referred to, has ever been departed from in any particular. It has stood without change for upwards of· seventy years.

It is considered that the relators brought themselves· within the statute by the notice of appeal, stating that they considered themselves aggrieved, and stating the grounds of· the appeal. The county judge should have appointed com- missioners to review the action of the board of supervisors· · of the town. The circuit court · should have granted a per- emptory writ of *mandamus* requiring the county judge to· perform his duty in regard to the appeal; hence the judg- ment appealed from must be reversed, and the cause re- manded with direction to issue such writ, and for further· proceedings according to law.

*By the Court.*— So ordered.