THE STATE EX REL. OSHKOSH, ALGOMA & BLACK WOLF RAIL-
ROAD COMPANY vs. BURNELL, Circuit Judge.

*September 26 — October 20, 1899.*

*Railroads: Condemnation of crossing by electric road: Writ of assist-
ance: Mandamus.*

A railroad company, incorporated under sec. 1820, Stats. 1898, for the
purpose of carrying persons only, endeavored to condemn a right
of way for a trolley electric line across the right of way of a steam
railroad company, and prosecuted the proceedings to a successful
termination in the circuit court. From the judgment of that court
the steam railroad company appealed, and gave an undertaking to
protect the petitioner from loss in case it should be finally deter-
mined that the petitioner was entitled to a crossing.  Pending the
appeal the petitioner applied for a writ of assistance to put it in
possession of the crossing, and upon the writ being refused sought
to compel its issuance by *mandamus.*  No urgent necessity appear-
ing why the crossing should be put in until the petitioner's right
thereto was finally determined, the writ of *mandamus is denied.*
In order to justify *mandamus* in such a case it must appear that
the duty of the circuit court was plain, the refusal to perform it
clear, the result of the refusal prejudicial, and the remedy by writ
of error or appeal utterly inadequate.

MANDAMUS to GEO. W. BURNELL, judge of the circuit court
for Winnebago county.  *Peremptory writ denied.*

This is a *mandamus* action brought in this court, the ob-
ject being to obtain a peremptory writ of *mandamus* requir-
ing the respondent, as circuit judge, to enter an order in the
circuit court for Winnebago county directing a writ of as-
sistance to be issued to put the relator in possession of a
crossing sixteen feet wide across the right of way of the
Chicago & Northwestern Railway Company.  The petition
of the relator set forth, in detail, the proceedings, by which
it appears that it had obtained condemnation of the sixteen-
foot strip aforesaid, had paid the award of the commission-
ers in court, and, further, that the appeal from said award

to the circuit court for Winnebago county had been dismissed; also that before bringing this proceeding it had applied to the circuit court for Winnebago county for a writ of assistance, and that such application had been denied. Upon this petition an alternative writ was issued, and upon the return thereof the respondent made his return, which return was not denied in any material aspect upon the hearing.

The facts which appeared by the petition and the return together are, in substance, that on the 8th day of July, 1898, the relator, which is a railway company incorporated under sec. 1820, Stats. 1898, for the purpose of carrying passengers only, commenced condemnation proceedings for the purpose of condemning a strip of land sixteen feet wide for right of way purposes across the right of way of the Chicago & Northwestern Railway Company. The Chicago & Northwestern Railway Company answered this petition, denying that the relator was a railroad corporation entitled to condemn such crossing. Upon the hearing of the petition, the prayer thereof was granted, and an order made appointing three commissioners to determine the question of the necessity of the taking of the land described in the petition, and to determine the points and manner of such crossing, and the amount of compensation to be paid therefor. Thereafter the commissioners met, and on the 30th day of January, 1899, filed their report, in which they determined that it is necessary for the petitioner to take, for right of way and crossing purposes, the strip of land sixteen feet wide (describing it) across the right of way of the Chicago & Northwestern Railway Company. The commissioners also determined the points and manner of the crossing to be made with overhead trolley wires, and fixed the amount of the compensation to be paid by the petitioner. Subsequently the Chicago & Northwestern Railway Company appealed from this report to the circuit court for Win-

nebago county, and applied to that court for an order restraining the petitioner from putting in any crossing until such appeal was heard. This order was granted, upon the giving of an undertaking in the sum of $5,000, which was given. Subsequently the appeal came on to be heard in the circuit court, jury was waived, and the Chicago & Northwestern Railway Company claimed that the burden rested upon the petitioner to prove that it was necessary for it to condemn a crossing, because these proceedings were taken under sec. 1854, Stats. 1898, under which the question of the necessity of taking land was still open upon this appeal. This contention was overruled by the circuit court, which held that the affirmative was with the Chicago & Northwestern Railway Company.

The said railway company then moved the court to dismiss the petition and all proceedings under it, on the ground that the petitioner was not a corporation entitled to condemn lands, and that all proceedings theretofore had were void. This motion being denied, the Chicago & Northwestern Railway Company declined to introduce any evidence in the case, but made a further motion to dismiss the petition and proceedings because the petitioner is an electric railway, building tracks in the public streets for the purpose of carrying passengers only, and has no right to cross a public railroad by condemnation proceedings, and for other reasons which are not necessary to be here stated. This motion was also denied, and, no testimony being introduced, judgment was entered dismissing the railway company's appeal, and dissolving the injunctional order above mentioned, except that the same was to remain in full force for ten days, in order to enable the railway company to apply for a stay of proceedings. Thereupon the Chicago & Northwestern Railway Company immediately appealed, and gave notice thereof, and moved the circuit court for a continuance of the order pending such appeal, and the circuit

court thereupon fixed the penalty of such undertaking at $15,000, and the condition thereof that, if the judgment or any part thereof be affirmed, said appellant should pay all costs and damages which might be awarded against it, and all which the said *Oshkosh, Algoma & Black Wolf Railroad Company* might sustain by reason of the continuance of the injunctional order. This undertaking was filed and approved by the court within the time required, to wit, on the 27th day of May, 1899.

On the 3d day of June, 1899, the *Oshkosh, Algoma & Black Wolf Railroad Company* applied to the circuit court for an order fixing the sum and effect of an undertaking to be given by it to abide and perform any final judgment which should be rendered in favor of said Chicago & Northwestern Railway Company upon its appeal, and for an order vacating and dissolving the injunctional order already entered. This motion was denied by the court, but the court fixed the amount of the bond at $15,000, in order that the same might be made, and the same was made and filed on the 10th of June, 1899, and approved as to form and sureties, but refused principally because of the grave character of the questions involved in the main case.

On the 23d of June, 1899, the petitioner here moved for a writ of assistance, which motion was denied by the circuit court.

For the relator there was a brief by *Miller, Noyes, Miller & Wahl*, and oral argument by *Geo. H. Noyes*.

*E. M. Hyzer*, for the respondent. [No brief on file.]

Winslow, J. It appears pretty clearly from the petition and return in this case that there are some serious questions which will be presented upon the hearing of the appeal from the final judgment below, when that appeal is reached. We shall express no view on these questions now, save that they are questions of importance. It appears that a railway com-

pany, incorporated under sec. 1820, Stats. 1898, for the purpose of carrying persons only, endeavored to condemn a right of way for a trolley electric line across the right of way of the Chicago & Northwestern Railway Company, and at the same time to compel the joint construction of a crossing. The condemnation proceedings have been carried successfully through the circuit court, the amount awarded by the commissioners has been deposited in court, and judgment entered in the circuit court dismissing the appeal of the Chicago & Northwestern Railway Company to that court. From this judgment an appeal has been taken to this court. The petitioner claims that it has now an absolute right to a writ of assistance, under sec. 1850, Stats. 1898; that this proceeding was really a proceeding to force a crossing, under subd. 6, sec. 1828, Stats. 1898, and that the right to a crossing is absolute; hence that a writ of assistance should at once issue, and that the circuit court, in refusing the writ pending the appeal, has refused to perform a clear duty. On the other hand, the claim by the Chicago & Northwestern Railway Company is that, if the proceedings are of any validity at all, they are proceedings by one railroad company to condemn lands of another, and that under sec. 1854, Stats. 1898, in such cases the question of the necessity of taking the land is open for retrial in the circuit court, and that no crossing should be forced, by means of which a street railway will cross a steam railway on grade, until the question of the right to cross is finally settled.

This view was adopted by the circuit judge, and we think with good reason. The questions here presented are quite important to the public at large as well as to the corporations themselves. The multiplication of grade crossings over important railway lines is not desirable. No urgent necessity appears why this crossing should be put in until this litigation is terminated and the right to a crossing finally determined. The Chicago & Northwestern Railway Company

has given a sufficient undertaking to protect the petitioner from loss in case it should be finally determined that the petitioner is entitled to a crossing. In order to justify *mandamus* in such a case as the present, it must appear that the duty of the court below was plain, the refusal to perform such duty clear, the result of the refusal prejudicial, and the remedy by writ of error or appeal utterly inadequate. *State ex rel. Fourth Nat. Bank v. Johnson*, 103 Wis. 591. We cannot say, upon the papers before us, that it is plain that it was the duty of the court to award a writ of assistance, nor can we say that there is any emergency calling for immediate action, or that the remedy by appeal or writ of error is not entirely sufficient. The questions involved deserve that careful consideration which they will receive upon the hearing of the appeal upon the merits but cannot well receive upon a summary proceeding of this nature. Were we to take them up and decide them now, we should be causing the writ of *mandamus* to serve the purpose of a writ of error or appeal, which has never been the policy of this court.

*By the Court.*— The peremptory writ is denied.