STATE EX REL. WISCONSIN STATE DEPARTMENT OF AGRI-
CULTURE, Petitioner, vs. AARONS, Circuit Judge, Re-
spondent.

*January 8—March 12, 1946.*

420

*Anthony E. Madler,* assistant attorney general, for the petitioner.

For the respondent there was a brief by *Bender, Trump & McIntyre* of Milwaukee, and oral argument by *Rodger M. Trump.*

BARLOW, J. The question is whether this court should take jurisdiction. This is a condemnation proceeding under ch. 32 of the present revised statutes. Prior to its enactment provisions relating to condemnation proceedings were scattered all through the statutes and were far from uniform. Ch. 32 was passed as a uniform law providing a method for exercising the power of eminent domain. The material provisions are:

"32.04 *Petition.* Any person desiring to acquire any property by condemnation shall present a verified petition therefor to the county or circuit judge of the county where such property is situated. . . ."

32.05 requires a hearing after service of notice upon all interested parties at least twenty days before said hearing.

"32.08 *Commissioners.* If the petitioner be entitled to condemn the property or any portion thereof the judge shall appoint three freeholders . . . commissioners. . . ."

"32.11 *Appeal.* Any party to a condemnation proceeding . . . may appeal from the award of the commissioners to the circuit court of the county by filing a notice of appeal in the office of the clerk of such court. . . . It shall thereupon proceed as an action in said court subject to all the provisions of law relating to actions originally brought therein. . . ."

In *Tobin v. Willow River Power Co.* (1932) 208 Wis. 262, 263, 242 N. W. 480, the court said:

"While the proceeding under ch. 32, Stats., is before the judge, it is not a proceeding in court. The taking of private property for public purpose is a matter that rests within the power and discretion of the legislature and it may be taken upon such terms as the legislature prescribes, subject to the right of trial by jury on the question of necessity where property is taken by a municipal corporation."

The only appeal is to the circuit court from the award of commissioners, as provided in sec. 32.11, Stats., under which the proceedings thereafter are those of an action in said court. No appeal will lie from an order refusing to appoint condemnation commissioners. *Olen v. Waupaca County* (1941), 238 Wis. 442, 300 N. W. 178. And in *Manns v. Marinette & M. P. Co.* (1931) 205 Wis. 349, 235 N. W. 426, 238 N. W. 624, it was held that an order denying motion to vacate and set aside an order appointing commissioners in a condemnation proceeding could not be appealed from as the statute does not authorize such appeal. The court there outlined some of the difficulties in determining what the procedure should be in the instant case.

From the foregoing it is evident that no appeal lies from the order dismissing the petition. Petitioner contends that under its superintending power this court should grant the writ requested. The superintending power of this court is found in sec. 3, art. VII, of the constitution, in the following language:

". . . The supreme court shall have a general superintending control over all inferior courts; it shall have power to

issue writs of *habeas corpus, mandamus,* injunction, *quo warranto, certiorari,* and other original and remedial writs, and to hear and determine the same."

The constitution grants this jurisdiction to the court to protect the legal rights of litigants when the ordinary processes of action, appeal, and review are inadequate to meet the situation, and where there is need for such intervention to avoid grave hardship or complete denial of these rights. Wisconsin Law Review, vol. 1941, p. 161. There must be a plain duty on the part of the inferior court. *State ex rel. Oshkosh, Algoma & Black Wolf R. Co. v. Burnell* (1899), 104 Wis. 246, 80 N. W. 460; *In re Petition of Pierce-Arrow Motor Car Co.* (1910) 143 Wis. 282, 127 N. W. 998; *State ex rel. Southern C. Co. v. Circuit Court* (1925), 187 Wis. 1, 203 N. W. 923. The superintending power is over the courts and not over the person who happens to be judge of the court acting in an administrative capacity. Here we have an individual who, it is true, must be a county judge or circuit judge, refusing to appoint commissioners. Certainly if the law provided that the commissioners should be appointed by the chairman of the county board, or the city mayor, no one would contend that this court should, in the exercise of its superintending power, issue a writ where there is no action in court. This matter has not been before an inferior court. The proper procedure is to apply to the circuit court for a writ of *mandamus,* and any party aggrieved by the action of the circuit court could then appeal to this court. It does seem strange to say that one must go into the circuit court before the same person as judge of said court and apply for a writ of *mandamus* to compel such person to perform an act which he has previously refused to perform. No one would expect him to grant the writ, but this is the only way the matter can be brought into court. In *Western Union R. Co. v. Dickson* (1872), 30 Wis. 389, which was a proceeding before the county judge to appoint commissioners, the court by way of *obiter dictum* said that a person

aggrieved by the county judge's determination to dismiss his petition for appointment of commissioners may probably proceed by *mandamus*. See also *State ex rel. Rogers v. Wheeler* (1897), 97 Wis. 96, 72 N. W. 225; *Olen v. Waupaca County, supra*. This statement is approved, as it requires an action to be commenced in a trial court from which an appeal would lie to this court. It requires an action to be started in a court having jurisdiction of the subject matter. Original jurisdiction will not be exercised where a remedy by appeal or writ of error is adequate. *Petition of Phelan* (1937), 225 Wis. 314, 274 N. W. 411.

To warrant the exercise of superintending power there must be a clear legal right on the part of the applicant, a plain duty on the part of the inferior court, the remedy by appeal or writ of error must be inadequate, there must be an exigency calling for prompt action, the power is not to be used to perform the office of appeal or writ of error, and refusal to act and to exercise superintending control must result in grave hardship to the litigant. Many of these requirements are lacking. No inferior court has acted or had an opportunity to act, and when an opportunity to act is given to it, there is a remedy by appeal.

The ultimate determination of the question involved is not of such importance to the state of Wisconsin or to the valid and orderly function of state government as to present a question *publici juris* and warrant this court in taking original jurisdiction, as was held in *Petition of Breidenbach* (1934), 214 Wis. 54, 252 N. W. 366, and *State ex rel. Martin v. Heil* (1942), 242 Wis. 41, 7 N. W. (2d) 375. No facts have been presented to indicate immediate or pressing need of the litigation in question. It is merely a matter of expansion of the state-fair park in the interests of the operation of said park.

We are aware of the duty of courts to aid in bringing about the speedy determination of matters in difference between parties to an action, but this must be done in an orderly and lawful manner. While the law provides for the submission of an

agreed case to the court which would have full jurisdiction if an action was brought (sec. 269.01, Stats.) and jurisdiction was assumed by this court in the case of *Olen v. Waupaca County, supra,* on the ground that judgment was entered in the circuit court on facts which the parties submitted to the court, which on appeal was treated by this court as a judgment on a stated case, that is different from the matter before us. To grant the petition would be equivalent to permitting the parties to agree on a statement of facts and then submit it to this court and thus receive a final decision. It is considered that there is no authority in law for this court to grant the writ requested.

*By the Court.*—Petition denied.