STATE EX REL. Terrence B. GILBOY, Petitioner,†

v.

CIRCUIT COURT FOR WAUKESHA COUNTY, The Honorable Roger P. Murphy, presiding, Harold J. Wollenzien, Chief Judge, Constance A. Gilboy, Respondents.

Court of Appeals

*No. 84–193–W. Filed April 11, 1984.*
(Also reported in 349 N.W.2d 712.)

† Petition to review dismissed.

Petitioner appearing by *Clifford K. Meldman* of *Meldman & Meldman, S.C.,* of Milwaukee.

Respondents appearing by *Bronson C. La Follette,* attorney general, and Theodore Priebe, assistant attorney general, and *James R. Sommers,* of Waukesha.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

PER CURIAM. This is an original action in mandamus seeking to compel the Honorable Harold J. Wollenzien, Chief Judge of the Third Judicial District, to assign Terrence Gilboy's pending divorce action to an appropriate circuit court judge following the filing of a substitution of judge pursuant to the provisions of sec. 801.58 (7), Stats.[1] Because we have no original jurisdiction in this matter, we dismiss Gilboy's petition for a writ of mandamus.

This is also an original action in prohibition seeking to bar the Honorable Roger P. Murphy, who presided at the trial of the Gilboy action, from presiding in any further proceedings at the trial level. Because Judge Murphy, by an order and findings, has accepted the substitution and found it to be timely filed and has concluded that he has no further jurisdiction in this matter, we conclude that no justiciable controversy exists between

---

[1] Section 801.58(7), Stats., provides as follows:

If upon an appeal from a judgment or order or upon a writ of error the appellate court orders a new trial or reverses or modifies the judgment or order as to any or all of the parties in a manner such that further proceedings in the trial court are necessary, any party may file a request under sub. (1) within 20 days after the filing of the remittitur in the trial court whether or not another request was filed prior to the time the appeal or writ of error was taken.

Gilboy and the trial court. We therefore deny Gilboy's petition for a writ of prohibition against Judge Murphy.

In *Gilboy v. Gilboy*, No. 82–1253 slip op. (Wis. Ct. App., Sept. 20, 1983), we reversed an order and a judgment of the Honorable Roger P. Murphy, who had presided at the trial of the Gilboy action. In addition, we remanded for further proceedings not inconsistent with our decision. Thereafter, Gilboy timely filed in proper form a request for substitution of judge pursuant to sec. 801.58(7), Stats. As noted above, Judge Murphy accepted the substitution, found that it was timely filed, and directed that the case be assigned to another judge.

Upon receiving notice of the substitution request, counsel for Mrs. Gilboy wrote to Chief Judge Wollenzien and asked to be heard on the propriety of the substitution request. Judge Wollenzien invited counsel for both parties to submit their respective positions before he took further action. Mrs. Gilboy contended that certain case law had created an exception to the right of substitution in divorce cases. Mr. Gilboy argued that sec. 801.58(7), Stats., governed the issue. Chief Judge Wollenzien issued a decision adopting the position of Mrs. Gilboy and denied the request for substitution. The instant action was then commenced *in this court* by Mr. Gilboy.

Article VII, § 5 of the Wisconsin Constitution sets forth the jurisdiction of the court of appeals as follows:

(3) The appeals court shall have such appellate jurisdiction in the district, including jurisdiction to review administrative proceedings, as the legislature may provide by law, but shall have no original jurisdiction other than by prerogative writ. The appeals court may issue all writs necessary in aid of its jurisdiction and shall have supervisory authority over all *actions and proceedings in the courts in the district*. [Emphasis added.]

Section 752.01, Stats., provides:

*Jurisdiction.* (1) The court of appeals has appellate jurisdiction as provided by law.

(2) The court of appeals has original jurisdiction only to issue prerogative writs.

(3) The court of appeals may issue all writs necessary in aid of its jurisdiction.

Section 752.02, Stats., provides:

*Supervisory Authority.* The court of appeals has supervisory authority over all *actions and proceedings in all courts except the supreme court.* [Emphasis added.]

While the court of appeals clearly has original jurisdiction to issue a writ of mandamus pursuant to sec. 752.01(2), Stats., we are not satisfied that the actions of the chief judge in the instant case fall within our supervisory authority over "actions and proceedings" as used in the constitution and the statutes. Rather, we conclude that the actions of the chief judge in this case constitute the discharge of administrative duties as the administrative chief of the judicial district.

Supreme Court Rule 70.19 entitled "Duties of the chief judge," provides, in part, as follows:

(1) The chief judge is the *administrative* chief of the *judicial administrative district.* The chief judge is responsible for the administration of judicial business in circuit courts within the district, including its personnel and fiscal management. The general responsibility of the chief judge is to supervise and direct the *administration* of the district, including the judicial business of elected, appointed and assigned circuit judges.

(2) In carrying out *administrative* duties, the chief judge shall cooperate with the director of state courts. [Emphasis added.]

The statute then goes on to detail the specific duties of the chief judge relative to the exercise of his general responsibility to supervise and direct the administration of the district.[2]

---

[2] Supreme Court Rule 70.19(3) provides:

In the exercise of his or her general responsibility, the chief judge has the following duties:

The language of SCR 70.19 casts the role and the duties of the chief judge in administrative terms. We read nothing in the language of the statute which suggests that the actions of a chief judge performed thereunder constitute an "action or proceeding" in a court within the meaning of art. VII, § 5 of the Wisconsin Constitution or sec. 752.02, Stats., which set forth our supervisory authority and powers.

In *State ex rel. Department of Agriculture v. Aarons*, 248 Wis. 419, 22 N.W.2d 160 (1946), the supreme court declined to take original jurisdiction in a mandamus action against a circuit judge where the actions of the judge under ch. 32, Stats. (1945), relating to condemna-

---

(a) Assignment of judges within each judicial administrative district. The chief judge shall establish a system for the equitable distribution and allocation of categories of cases and case loads within the district, subject to the approval of the supreme court.

(b) Maintenance of a system for and effective management of case flow through the judicial administrative district.

(c) Where necessary, establishment of days and hours for court operation.

(d) Appointment of court committees.

(e) Adoption of local judicial administrative rules under SCR 70.34.

(f) Establishment of policies and plans.

(g) Provision for representation of the circuit court in ceremonial functions and in its relations with other courts, other branches of government and with the news media.

(h) Calling and presiding over meetings of the circuit judges within the district.

(i) Supervision of vacation schedules, including requiring adherence to SCR 70.11(1)(a).

(j) Coordination of attendance by judges and other court personnel at conferences which require absence from the court during working hours. Judicial education is not vacation. Time spent fulfilling judicial education requirements mandated by the supreme court rules is not to be charged against annual leave.

(k) Supervision of court finances including financial planning, the preparation of budgets and fiscal reporting where necessary and required.

tion proceedings were not a proceeding in court.[3] *Aarons* held:

> The superintending power is over the courts and not over the person who happens to be judge of the court acting in an administrative capacity. Here we have an individual who, it is true, must be a county judge or circuit judge, refusing to appoint commissioners. Certainly if the law provided that the commissioners should be appointed by the chairman of the county board, or the city mayor, no one would contend that this court should, in the exercise of its superintending power, issue a writ where there is no action in court. *This matter has not been before an inferior court.* [Emphasis added.]

*Id.* at 423, 22 N.W.2d at 162–63.

In addressing the proper procedure, *Aarons* held:

> The proper procedure is to apply to the circuit court for a writ of *mandamus,* and any party aggrieved by the action of the circuit court could then appeal to this court. It does seem strange to say that one must go into the circuit court before the same person as judge of said court and apply for a writ of *mandamus* to compel such person to perform an act which he has previously refused to perform. No one would expect him to grant the writ, but this is the only way the matter can be brought into court.

*Id.* at 423, 22 N.W.2d at 163.

While the creation of the court of appeals and the attendant modifications to the Wisconsin constitution and the statutes postdate *Aarons,* the supervisory powers of the supreme court previously found in art. VII, § 3 of the Wisconsin constitution and considered in *Aarons* were

---

[3] Section 32.04, Stats. (1945), provided in part as follows:

Any person desiring to acquire any property by condemnation shall present a verified petition therefor to the *county or circuit judge* of the county where such property is situated. [Emphasis added.]

not unlike those presently granted unto the court of appeals.[4]

The language granting the supreme court superintending control over all inferior courts was modified by the constitutional amendments of April 5, 1977 to provide "superintending and administrative authority over all courts." Notably, the court of appeals' supervisory authority was not constitutionally stated as extending to *administrative* authority. Furthermore, the court of appeals' supervisory authority extends only to "actions and proceedings in the courts of the district" whereas the supreme court's superintending and administrative authority extends "over all courts."

The specific issue before us is whether the court of appeals has original jurisdiction and not where Gilboy should have commenced his action. We do note, however, that the amendatory language to the constitution extending the supreme court's authority over the lower courts to administrative control may suggest that Gilboy's proper forum is the supreme court rather than the circuit court.

Having concluded that we have no original jurisdiction, the petition for an order directing the issuance of a writ of mandamus is dismissed.

*By the Court.*—Petition for writ of mandamus dismissed; petition for writ of prohibition denied.

---

[4] Wisconsin Constitution, art. VII, § 3, prior to the amendments effective April 5, 1977, provided in part as follows:

The supreme court shall have a general superintending control over all inferior courts; it shall have power to issue writs of habeas corpus, mandamus, injunction, quo warranto, certiorari, and other original and remedial writs, and to hear and determine the same.