STATE EX REL. CITY OF MILWAUKEE, Petitioner, vs. CIRCUIT COURT FOR MILWAUKEE COUNTY, Respondent.

*February 14—February 28, 1958.*

*Harry G. Slater,* deputy city attorney, *Richard F. Maruszewski, John F. Cook,* and *Ewald L. Moerke, Jr.,* assistant city attorneys, for the petitioner.

*C. Stanley Perry,* corporation counsel of Milwaukee county, for the respondent.

*Marvin E. Klitsner, James P. Brody, Herbert L. Mount, George D. Prentice, Clyde E. Sheets, Eugene C. Daly, Dominic H. Frinzi, Russell M. Darrow, Eugene A. Kershek,* and

*Irving A. Puchner,* and *Schroeder, Sheets & Schroeder,* all of Milwaukee, for the defendant property owners.

PER CURIAM. The return of the respondent circuit judge asserts that the attacked ruling of the trial court, which requires that the verdict be submitted in such form as to require the jury to make a finding of the necessity of taking as to each separately described and owned parcel, is to be sustained on one or more of the following three grounds:

(1) That such form of submission is mandatory under sec. 2, art. XI of the Wisconsin constitution.

(2) That it is mandatory under sec. 270.27, Stats.

(3) That it falls within the clear discretion of the trial court under section 7 (3) of the Kline Law.

Sec. 2, art. XI of the constitution provides:

"No municipal corporation shall take private property for public use, against the consent of the owner, without the necessity thereof being first established by the verdict of a jury."

Such limitation has been held not to apply to counties or towns. *State ex rel. Bare v. Schinz* (1927), 194 Wis. 397, 216 N. W. 509; *Eaton v. Manitowoc County* (1878), 44 Wis. 489; and *Norton v. Peck* (1854), 3 Wis. *714. Under sec. 32.07, Stats., electric and gas utility companies, railroads, and pipe line companies can decide for themselves that it is necessary to take privately owned lands for various right-of-way purposes. It may be argued that a city, acting through its common council, ought to have the right to determine for itself the necessity of taking for purposes of a redevelopment project under the Blighted Area Law without having to have such necessity of taking also passed upon by a jury. However, the framers of our state constitution have very plainly provided otherwise.

In 1948, a proposed amendment to the constitution, which would eliminate this requirement, of a jury determining the

necessity of taking, in cases where villages or cities sought to acquire land by condemnation for a public purpose, was submitted to a referendum vote of the people after having been favorably passed upon by two successive legislatures. One of the principal arguments in favor of adoption was that conditions, particularly those relating to metropolitan growth and development, had changed during the hundred years which had elapsed since the adoption of the constitution that rendered obsolete the reasons which had caused the framers in 1848 to insert sec. 2, art. XI, into the constitution. Another argument was that villages and cities should enjoy the same privileges with respect to condemnation that have been granted by statute to towns, counties, utility companies, and railroads. Nevertheless, the voters at such referendum election rejected such proposed amendment by a vote of 807,318 to 210,086.

It was stated in oral argument that Michigan is the only other state which has a provision similar to sec. 2, art. XI, Const., in its state constitution. This explains why counsel have been unable to cite any case in point on the issue of constitutional interpretation with which we are faced in this matter.

There is no express statement in sec. 2, art. XI, Const., that the necessity of taking each owner's parcel of land must be separately determined by the jury. Whichever way the question of the necessity of taking be submitted to the jury, each property owner clearly would be entitled to present evidence on the issue of whether it is necessary that his particular parcel be taken. Furthermore, if the necessity of taking the area as a whole were to be submitted to the jury in a single question, the rights of individual property owners would be protected by the trial court instructing the jury that, if they determined that there was no necessity for taking any part of the whole, the jury must find no necessity of taking as to the entire area. To come to the opposite con-

clusion, that the constitutional right of an individual parcel would not be protected by such manner of submission, we would have to assume that the jury would not follow the instructions of the court. This is a hypothesis that we are unwilling to accept.

On this question of constitutional interpretation, we are provided with no clue as to whether the framers of this clause of our constitution had given any thought to the exact manner in which the issue of the necessity of the taking be submitted to the jury. It must always be kept in mind that provisions of this nature in our state constitution are restrictions on the power of the legislature and not a grant of power to it. *Bushnell v. Beloit* (1860), 10 Wis. *195, *225. We recently held in *Cutts v. Department of Public Welfare* (1957), 1 Wis. (2d) 408, 417, 84 N. W. (2d) 102, that in construing such a constitutional provision, a court ordinarily should not imply a restriction on the plenary power of the legislature where none is expressly stated. Applying that principle to the instant case, we should not so construe sec. 2, art. XI, Const., as to prevent the legislature from authorizing courts by statute to submit the necessity of taking land to a jury on a project-wide, or area, basis.

It is, therefore, our considered judgment that sec. 2, art XI, Const., did not make it mandatory upon the trial court to submit the issue of the necessity of the taking of each separately owned parcel to the jury, rather than on an entire-area basis.

The second issue raised by the respondent's return to the alternative writ is whether sec. 270.27, Stats., makes it mandatory that the verdict be submitted in such a way that the jury make a finding of necessity of taking as to each separately owned parcel in the area sought to be condemned. This statute makes it mandatory for the trial court in a civil action to submit a special verdict to the jury if requested by any party prior to the introduction of any testimony on his

behalf. Counsel for some of the defendant landowners did make such a timely request for special verdict in the instant action.

A condemnation proceeding instituted pursuant to ch. 32, Stats., is an administrative proceeding and not a judicial one until such time as an appeal is taken to circuit court from the award of the commissioners, and until that time the general rules of practice applicable to civil actions do not apply. *Madison v. Tiedeman* (1957), 1 Wis. (2d) 136, 142, 83 N. W. (2d) 694. However, section 7 (1) of the Kline Law provides:

"Pursuant to the resolution of the common council directing the city attorney to proceed with the condemnation of the necessary property the city attorney shall start *an action in circuit court under the code of civil procedure* against all persons having an interest in any of said property for the purpose of establishing the necessity of taking said property by the verdict of a jury as required by the constitution of this state by the service of the usual summons under section 262.03 of the statutes except that in place of the words in said summons 'judgment will be rendered' the words 'a verdict of necessity will be rendered' shall be substituted." (Italics supplied.)

Thus, the legislature has expressly made the proceeding to determine the necessity of taking under the Kline Law a judicial one. However, though such proceeding is denominated "an action" it is in reality a special proceeding. *Milwaukee v. Reilly* (1957), 2 Wis. (2d) 33, 36, 85 N. W. (2d) 837, and *Lamasco Realty Co. v. Milwaukee* (1943), 242 Wis. 357, 381, 8 N. W. (2d) 372, 8 N. W. (2d) 865. Our code of civil procedure, in which is found sec. 270.27, Stats., is embodied in Title XXV, Stats., but under sec. 260.01 parts thereof may be inappropriate or inapplicable to special proceedings. We deem sec. 270.27 to be inapplicable to the instant special proceeding. This is because of the express provision contained in section 7 (3) of the Kline

Law governing the manner of submitting the verdict, which reads as follows:

"The court may, in its discretion, submit to a single jury the determination of such necessity as to one or more than one or all of the parcels of property sought to be taken for the same purpose, or for one or more streets or alleys, parkways or boulevards, or for different purposes."

Although section 7 (3) of the Kline Law authorizes the trial court to exercise its discretion as to whether the verdict should have the jury determine the necessity of the taking on either an area basis, or as to each separately owned parcel, the relator city contends that the Blighted Area Law requires such issue to be submitted solely on an area basis. There is no express provision in sec. 66.43, Stats., so requiring. On the contrary, sec. 66.43 (4) (b) provides, "Condemnation proceedings for the acquisition of real property necessary or incidental to a redevelopment project shall be conducted in accordance with ch. 32 *or any other laws applicable to the city.*" The city elected to proceed under the Kline Law rather than ch. 32, Stats., the Kline Law being embraced within the statutory words, "any other laws applicable to the city."

It is the position of the city that the purpose of the Blighted Area Law will be frustrated, if a jury be permitted to determine the necessity of the taking on a parcel-by-parcel basis, with the possibility of the jury finding that there is no necessity for the taking of certain peripheral properties. It is argued that this might force abandonment of the entire project. Therefore, the city contends that the Blighted Area Law and the Kline Law must be construed together to prevent such result occurring. However, an equally disastrous result would occur, if the verdict as to the necessity of the taking were submitted on an area basis and the jury would conclude that one or more parcels were included as to which there exists no necessity of taking. As previously pointed

out herein, if the jury are properly instructed, they then would have to find that there was no necessity for taking the entire area.

We, therefore, conclude that there is nothing in the Blighted Area Law that restricts the discretion vested in the trial court by section 7 (3) of the Kline Law to submit the necessity of the taking under either of the two ways contended for by the opposing parties. The issue, therefore, boils down to whether the trial court abused its discretion in determining to submit the necessity of the taking on a separate-parcel basis.

Counsel for the city express fear that the entire redevelopment project will be endangered by following such a procedure. In furtherance of this argument they quote the following extracts from our opinion in *David Jeffrey Co. v. Milwaukee* (1954), 267 Wis. 559, 585, 66 N. W. (2d) 362:

" 'Here again it is to be noted that the law [sec. 66.43, Stats.] is directed against slum and blighted *areas,* not individual structures. It must be presumed that the legislature believed that the evils resulting from blight are inherent not in the particular structures but in the entire blighted area as a whole. Consider also that the acts of acquisition and clearance are two purposes in the elimination of the blight problem; there remains a third and important purpose— redevelopment of the area, so vitally essential to its return to the community duly safeguarded from the danger of blight recurrence. Redevelopment will involve the vacation of streets and alleys, the relocation of streets, the construction of new streets, probably the construction of recreational facilities, more than likely the enlargement of sites for dwelling houses, replatting, restrictions as to future uses of the lands in the area as well as many other changes. The necessity for acquiring vacant parcels and unoffending buildings within a blighted area to effectuate a sound workable plan or redevelopment is obvious.

" '. . . *It is apparent, however, that to single out and except from the provisions of the law vacant land and un-*

*offending structures would render the whole program of blighted-area redevelopment futile and ineffective.'"* (Emphasis supplied.)

We do not consider that the foregoing quotation from our opinion in the *David Jeffrey Co. Case* establishes that the trial court's determination of the form of verdict constitutes an abuse of discretion. On the ·contrary, it merely points up the need for the jury being properly instructed in keeping with the statement of the applicable principle of law enunciated in such quotation.

Counsel for the city also assert that the federal government is financing a large portion of this particular redevelopment project, and will withdraw from such financing if the jury should find no necessity for the taking of certain parcels included within the boundaries of the area sought to be acquired. This is something entirely extraneous to the record returned by the trial court. However, if this be a fact, the city will be entitled at the trial to introduce evidence with respect to the same. The Blighted Area Law places wide discretion in the city council as to what properties should be included in this redevelopment project. See sec. 66.43 (3) (j) 1 and 2, Stats. Not only are properties to be included which are *"necessary"* for either the proper clearance, or the redevelopment, of the area but also those which are *"incidental"* to either of such purposes. Sec. 66.43 (3) (j) 2.

If it be essential that certain presently nonoffending structures, or vacant parcels, be included in the area to be acquired and redeveloped as a condition precedent to obtaining federal financing of the project, the taking of them would at least be *"incidental"* to the taking and redevelopment of those offending properties already constituting a slum area. It, therefore, would be proper to instruct the jury that they may find affirmatively as to the necessity of the taking of such unoffending properties having such *"incidental"* relationship

to the project, and that the common council's act in so including them in the area to be redeveloped is a factor to be weighed by the jury. This matter of possible jeopardy of the federal financing has no direct bearing on the issue of whether the particular ruling of the trial court here under attack constitutes an abuse of discretion.

There possibly may be a psychological advantage to the city if the issue of the necessity of the taking were to be submitted to the jury on an area, rather than a parcel-by-parcel, basis. However this may be, the city is not entitled to any such advantage as a matter of right.

In conclusion, we determine that the manner in which the trial court has ruled it will submit the verdict does not constitute an abuse of discretion. However, the return of the trial court indicates that such ruling may have been partly grounded upon the erroneous belief that sec. 2, art. XI, Const., or sec. 270.27, Stats., made it mandatory that the verdict of the necessity of taking be not submitted on an area basis. It may be that the trial court will wish to reconsider and change its ruling in the light of this opinion. In so declaring, we do not wish to be understood as intimating that we think this should be done because we do not intend in any manner to invade or curtail the discretion vested in the trial court.

The city's application for a permanent writ of prohibition is denied.

WINGERT, J. (*concurring in result*). I agree that the writ of prohibition should be denied, on the ground that the order for a separate finding by the jury as to each parcel is authorized by section 7 (3) of the Kline Law. Since the matter before us may be disposed of on that ground alone, I express no opinion on the constitutional question discussed by the majority.