BLADO, Respondent, vs. KNOLL, School Treasurer, Appellant.

*April 10—May 6, 1958.*

For the appellant there were briefs by *Rice, Rice & Rice* of Sparta, and oral argument by *Zelotus S. Rice.*

For the respondent there was a brief by *Masters, Krembs & Ambelang* and *L. G. Goodman,* all of Sparta, and oral argument by *C. D. Ambelang.*

FAIRCHILD, J. Appellant contends that neither the county court of Monroe county nor the judge of that court has power to remove an officer of a school district. Respondent apparently concedes that the county court does not have the power, but contends that the judge does and that the order removing Knoll was the order of the judge.

Both parties agree that we must look first at sec. 17.13, Stats., providing:

"Officers of . . . school districts, however organized, may be removed as follows: . . .

"(3) Any . . . school district officer . . . by the judge of the circuit court of the circuit wherein the . . . school district is situated, in term time or vacation, for cause."

Power to remove an officer is to be distinguished from power to determine whether an individual has title to an office.

"In considering this question we must bear in mind that the question of whether or not a person has title to an office is a judicial question, while removal from office is a function of the executive department. *Opinion of Justices* (1938), 300 Mass. 596, 14 N. E. (2d) 465, 118 A. L. R. 166–169. Courts may be vested with power to remove officers whose duties are intimately associated with judicial process such as sheriffs, clerks, jailers, criers, etc. With that exception the supreme judicial court of Massachusetts held that the legislature could not constitutionally confer the power of removal upon courts. *Opinion of Justices, supra,* 118 A. L. R. 170. See note 118 A. L. R. 176, and cases cited. By the provisions of ch. 17, Stats., the legislature has set up a complete scheme for the removal of officers, other than constitutional officers, including members of a school board." *State ex rel. Brister v. Weston* (1942), 241 Wis. 584, 590, 6 N. W. (2d) 648.

The distinction between executive authority vested in a judge and judicial power vested in a court has been pointed

out in such cases as *Tobin v. Willow River Power Co.* (1932), 208 Wis. 262, 242 N. W. 480, and *State ex rel. Department of Agriculture v. Aarons* (1946), 248 Wis. 419, 22 N. W. (2d) 160 (involving powers of a judge in condemnation matters), and *State v. Marcus* (1951), 259 Wis. 543, 49 N. W. (2d) 447 (involving the power of a judge to order the issuance of an occupational driver's license). See also *In re Incorporation of Village of North Milwaukee* (1896), 93 Wis. 616, 67 N. W. 1033, involving attempted delegation of legislative power to a court.

It is clear that the county court had no power to remove Knoll from his office.

The form of all the papers and proceedings in this matter indicate that all concerned treated the matter of removal and the order issued as if the matter were before the court. The county judge did, however, sign the order, although his signature appears below the phrase "By the Court."

Respondent argues that the county judge has power to act under sec. 17.13, Stats., by virtue of ch. 293, Laws of 1919, re-enacted with amendments by ch. 170, Laws of 1951, and further amended by ch. 455, Laws of 1953. It, ch. 455, confers "on the county court of Monroe county, jurisdiction in all civil actions and proceedings in law and in equity, concurrent with and equal with the jurisdiction of the circuit court in said county, for all claims, demands and sums and to and concerning all property, not exceeding the sum or value of $100,000; . . . and to the amount and within the limits aforesaid the said county court shall be a court of general jurisdiction, with the same power and jurisdiction in all civil and criminal actions and proceedings, and including the power of review of records on certiorari, discharging mortgages of record, and such other special powers as are now or may hereafter be conferred by the statutes upon the circuit court, coming within the above limitations, as belong to and are exercised by the circuit court in and for said

county." Certain other jurisdiction is specified and conferred upon the county court. Sec. 28, ch. 293, Laws of 1919, provides: "The general provisions of the statutes of Wisconsin, and all the general laws which may at any time be in force relative to the circuit courts and actions and proceedings therein, in civil and criminal cases, shall apply also to said county court, unless inapplicable, and except as otherwise provided in this act; . . ."

Clearly this act does not expressly confer upon the judge of the county court the particular power of a circuit judge under sec. 17.13, Stats., nor any executive power, generally, conferred upon circuit judges by the statutes. We have carefully considered whether there is any implication that the judge of the county court is to have the executive powers which the circuit judge of the circuit, which includes Monroe county, could exercise in that county. We conclude that there is none. The act does provide that the jurisdiction of the county court which is concurrent with that of the circuit court is limited. We cannot spell out an intention on the part of the legislature to confer on the county judge all the non-judicial powers of the circuit judge when the legislature has only partially conferred upon the county court the judicial power of the circuit court.

We therefore reach the conclusion that the order removing appellant from office was void and that since the order itself and the other papers before us all indicate that the proceeding was treated as one before the court, the court should have vacated the order.

*By the Court.*—Order reversed, cause remanded with directions to vacate the order of removal.

HALLOWS, J., took no part.