TOWN OF MUSKEGO, Appellant, v. TOWN OF VERNON, Respondent.

*January 11—February 5, 1963.*

For the appellant there was a brief by *Hippenmeyer &*
*Reilly* of Waukesha, and oral argument by *William F. Reilly.*

For the respondent there was a brief by *Love, Davis &*
*McGraw* of Waukesha, and oral argument by *Glenn R. Davis.*

HALLOWS, J. The application under sec. 80.11 (5), Stats., for the appointment of commissioners to apportion the liability of towns on account of a town-line road is statutory and the statute must be followed. Sec. 80.11 (6) provides upon a proper application a circuit judge of the county in which the towns are situated shall appoint three commissioners. These sections confer no jurisdiction upon the circuit court but upon the person who fills the office of the circuit judge of the county in which such towns are located. The conferring of the power is upon the judge, not upon the circuit court, and although the proceeding is before a judge, it is not a proceeding in court. An analogous situation is presented by a petition for the appointment of commissioners to ascertain damages for condemnation under ch. 32, Stats. *Tobin v. Willow River Power Co.* (1932), 208 Wis. 262, 242 N. W. 480; *State ex rel. Department of Agriculture v. Aarons* (1946), 248 Wis. 419, 22 N. W. (2d) 160. Similarly, a proceeding under sec. 17.13 (3) to remove a town officer or a school-district officer is before a judge. *Grob v. Nelson* (1959), 8 Wis. (2d) 8, 98 N. W. (2d) 457; *Blado v. Knoll* (1958), 4 Wis. (2d) 184, 90 N. W. (2d) 176.

It is a well-known principle of law that parties cannot confer jurisdiction upon a court over the subject matter by consent or stipulation. *Fox River Paper Co. v. International Brotherhood* (1943), 242 Wis. 113, 7 N. W. (2d) 413; *State ex rel. Gaudynski v. Pruss* (1940), 233 Wis. 600, 290 N. W. 289; 83 C. J. S., Stipulations, pp. 13 and 22, sec. 10. In this case, however, after the petition which was properly addressed to a circuit judge, the parties stipulated the circuit court on an agreed set of facts could adjudicate the issue of law whether Crowbar road was a town-line road within the meaning of sec. 80.11, Stats. The determination of this issue was the foundation upon which rested the valid exercise

or nonexercise of the power to appoint commissioners by the circuit judge. The adjudication of this issue was within the jurisdiction of the circuit court and such procedure is authorized by sec. 269.01. The issue might have been presented in an action for a declaratory judgment or by a petition for a writ of mandamus or for a writ of prohibition, depending upon the facts. The use of verified-case procedure was affirmed in *Olen v. Waupaca County* (1941), 238 Wis. 442, 300 N. W. 178, where an appeal was ineffectual to confer jurisdiction upon the circuit court because not authorized by statute and the court treated a stipulation embracing pleadings, petition, and testimony in another proceeding as being an action on an agreed case under this section which the circuit court had jurisdiction to hear notwithstanding the unauthorized appeal. Another example of an agreed case under this section is *In re Davis Brothers Stone Co.* (1944), 245 Wis. 130, 13 N. W. (2d) 512, 14 N. W. (2d) 870. In these two cases as distinguished from *Fox River Paper Co. v. International Brotherhood, supra,* the stipulation did not give the court jurisdiction it did not have over the subject matter.

In the case at bar, the parties could not confer any jurisdiction upon the circuit court to appoint commissioners and did not attempt to do so by the stipulation. However, the circuit court by its judgment denied the application of the plaintiff for the appointment of the commissioners. As we read the stipulation, that issue was not before the court on the agreed case although the dismissal of the application was a logical consequence of the court's decision. The circuit judge acting as a judge and not a court should have denied the application. The circuit court having no jurisdiction to appoint three commissioners, had no jurisdiction to deny the

application addressed to the circuit judge. The judgment should be modified to eliminate this adjudication.

What we have presented to us on this appeal is a judgment declaring Crowbar road is not a town-line road within the purview of sec. 80.11, Stats. Plaintiff contends the court was in error in construing this section to apply only where two towns act together originally in laying out the highway. It is stipulated Crowbar road was originally laid out by the road commissioners of the town of Muskego in 1845 acting alone. The westerly boundary of this highway touched the easterly boundary line of the town of Vernon. At sometime, which is not stated in the stipulation of facts, the road was paved and at some points the paving extended outside the right-of-way and over the line into the town of Vernon. This extension is shown by a survey to be a strip roughly 1,000 feet long and at its maximum width to be six feet. The plaintiff has at all times maintained the road and no apportionment of liability has ever been made. In September, 1961, the plaintiff requested a meeting with the defendant for the purpose of making an apportionment, which request was refused.

The history of sec. 80.11, Stats., relating to town-line roads reflects the administrative difficulties of keeping such roads in repair. As early as 1878 the statutes required the order laying out a town-line highway to include what part of the highway should be made and kept in repair by each town. Such apportionment of liabilities was final and could not be changed even by agreement of the parties. *Whitewater v. Richmond* (1931), 204 Wis. 388, 235 N. W. 773. An exception was made by the enactment of ch. 126, Laws of 1893, whereby provision was made for a reapportionment in the event the creation of a new town or the alteration of the

boundaries of both or either of the towns resulted in an increase or decrease in the territories of either or both of the towns. In such an event, the apportionment made in the order laying out the town-line road was deemed vacated and new proceedings for a reapportionment required. The device of applying to the circuit judge to appoint commissioners for that purpose was created by this amendment and was to be used when no new order for the reapportionment could be arranged or agreed upon by the towns.

The right to apply for the appointment of commissioners to make a determination of liabilities of existing town-line roads where no apportionment was made in the order laying out such roads was created by ch. 340, Laws of 1911, which amendment also authorized the laying out of such a road without including in the order an apportionment of liabilities. In 1932 this court refused to disturb an agreement made or acquiesced in by the towns apportioning the liability for the repair of a town-line road having its origin in user. *Eau Galle v. Waterville* (1932), 207 Wis. 389, 241 N. W. 377. By ch. 569, Laws of 1947, sec. 80.11 (3), Stats., was amended to validate existing agreements of apportionment of town-line roads and empowered the majority of supervisors of each town acting together to make an order of apportionment when a town-line highway or any part thereof had its origin in user or when no apportionment was made in the order laying out a town-line road or when circumstances had so changed since the last apportionment as to render it inequitable or impracticable in the opinion of the supervisors.

The history of sec. 80.11, Stats., indicates a legislative intent to deal with town-line roads laid out as such by the joint action of the majority of supervisors of the town, town-line roads which had their origin in user, and town-line roads part of which was laid out as such and part whose origin

was in user. Only those roads fall within the purview of sec. 80.11 and entitle the supervisors of a town to apply for the appointment of commissioners to apportion liabilities for such roads on the conditions stated in sub. (5) of that section.

Crowbar road, not having been laid out as a town-line road, does not become one because a small segment thereof has been widened by user beyond its laid-out boundaries and now is partly on the town line. Every road touching partly on a town line is not necessarily a town-line road. Conversely, a town-line road need not be on the line at all but may be as near thereto as the situation of the ground will permit. Sec. 80.11 (1), Stats. To hold Crowbar road is now a town-line road because this small parcel established by user is on and over the town line would be the equivalent of saying the tail wags the dog. Although we do not agree with the trial court's reasoning, it was correct in adjudging Crowbar road was not a town-line road within the purview of sec. 80.11.

*By the Court.*—The judgment is modified by eliminating therefrom the dismissal of the application of the plaintiff for the appointment of commissioners and, as so modified, is affirmed.