MILLARD and wife, Appellants, v. COLUMBIA COUNTY HIGH-WAY COMMITTEE and another, Respondents.

*October 2—October 27, 1964.*

For the appellants there was a brief by *Arno J. Miller* of Portage, attorney, and *Callahan, Arnold & Van Metre* of Columbus of counsel, and oral argument by *Jack Van Metre.*

For the respondents the cause was argued by *William H. Wilker,* assistant attorney general, with whom on the brief was *George Thompson,* attorney general.

CURRIE, C. J.    The sole question on this appeal is whether the condemnors or the landowners were the "successful" party" entitled to costs in the discretion of the court under sec. 271.02 (2), Stats., where the circuit court appeal resulted in the landowners receiving less than awarded by the the commission but more than the original basic award.

Sec. 32.05 (10) (b), Stats. 1961, specifies how judgment shall be entered after trial had in circuit court of an appeal from the commission's award and provides that costs "shall be allowed pursuant to s. 271.02 (2)."  Sec. 271.02 (2), provides in part as follows:

"In equitable actions and special proceedings costs may be allowed or not to any party, in whole or in part, in the

discretion of the court, and in any such case the court may award *to the successful party* such costs (exclusive of disbursements) not exceeding $100, as the court deems reasonable and just, in view of the nature of the case and the work involved." (Italics supplied.)

The point at which the instant condemnation proceeding achieved the status of a court proceeding was upon the filing of the appeal by the condemnors to the commission's award. Prior to that event it was an administrative proceeding. *State ex rel. Milwaukee v. Circuit Court* (1958), 3 Wis. (2d) 439, 446, 88 N. W. (2d) 339; *Madison v. Tiedeman* (1957), 1 Wis. (2d) 136, 142, 83 N. W. (2d) 694; *Barrows v. Kenosha County* (1957), 275 Wis. 124, 125, 81 N. W. (2d) 519. Sec. 32.05 (10) (b) and sec. 271.02 (2), Stats., are clearly confined in their application to court proceedings and can have no application to any of the preceding administrative proceedings in this condemnation.

In order to determine who was "the successful party" in this litigation within the meaning of sec. 271.02, Stats., we must compare the position of the parties at the commencement of the litigation with their position at time of rendering judgment. At the time condemnors filed their appeal to circuit court there was outstanding an award by the commission to the landowners of $3,500. Unless either the condemnors or the landowners had appealed therefrom to circuit court within sixty days after the filing of such award, the landowners would have been entitled to payment of $1,900 ($3,500 less the amount of the basic award of $1,600) plus interest, at the expiration of seventy days following the filing of this award. Sec. 32.05 (9) (c). In contrast to this, after trial had of the appeal in the circuit court the landowners were only entitled to judgment for $475 ($2,075 less $1,600) plus interest. Sec. 32.05 (10) (b). We can perceive of no escape from the conclusion that the condem-

nors, and not the landowners, were the successful parties in this appeal. Therefore, the circuit court properly allowed condemnors costs.

We consider *Trempealeau County v. Marsh* (1948), 252 Wis. 278, 31 N. W. (2d) 519, squarely supports this determination. There sec. 32.11, Stats. 1945, predecessor to sec. 32.05 (10) (b), provided, "Costs shall be allowed to the successful party on the appeal." The basic award was $437; the award on appeal in the administrative proceeding before the county judge was $800; and on appeal to circuit court the jury awarded $750. The opinion declared (at p. 279) :

"The respondents [landowners] were successful before the county judge in their attempt to increase the amount due them over the original award of $437, but on the appeal from the county to the circuit court, there was a reduction of the damages from the $800, which the county judge had awarded, to $750. In the circuit court proceeding the appellant county was therefore the successful party. *Washburn v. Milwaukee & Lake Winnebago R. R. Co.* (1884), 59 Wis. 364, 378, 18 N. W. 328.

"The trial court evidently was prompted to disallow costs to the prevailing party in circuit court because of circumstances intervening between the original award by the highway commission of $437 and the final assessment by the jury in circuit court of $750. However, in this situation the statute confers no such discretion upon the court as to the allowance of costs. Therefore the denial of costs and disbursements to appellant was error."

Subsequent to the decision in *Trempealeau County v. Marsh, supra,* the legislature by ch. 639, Laws of 1959, repealed and re-created ch. 32, Stats., which resulted in a comprehensive revision of our eminent-domain statutes. The legislative history of this enactment provides further support for our conclusion that the commission's award, and not the original basic award, is what should be taken as the basis of

comparison with the award determined in the circuit court appeal in order to determine who is the successful party for purposes of costs under sec. 271.02, Stats.

The original bill introduced in the 1959 legislature which, after amendment, became ch. 639, Laws of 1959, was Bill No. 483, A. As introduced, proposed sec. 32.05 (10), Stats., contained three separate provisions for awarding costs, two covering situations where the jury verdict on appeal was more than the commission's award, and a third for the contingency of the jury verdict being less than the commission's award. Substitute Amendment No. 1, A, to Bill No. 483, A, was then introduced in the assembly which, among other things, changed the provisions of proposed sec. 32.05 (10), and provided costs to the landowner as a matter of right if the jury verdict approved by the court exceeded the commission's award, and for awarding of costs as a matter of right to the condemnor if the jury verdict approved by the court was less than the commission's award. Then Amendment No. 1, A, was offered to Substitute Amendment No. 1, A, to Bill No. 483, A, which struck from proposed sec. 32.05 (10) the provisions therein contained with respect to costs and inserted the present provision of sec. 32.05 (10) (b), providing, "Costs shall be allowed pursuant to s. 271.02 (2)." This amendment to Substitute Amendment No. 1, A, was adopted and then, as so amended, this substitute amendment was adopted.

We cannot believe that the legislature would have proceeded in any such roundabout manner in substituting the original basic award for the commission's award as the determining factor to be considered in awarding costs if that was what was intended. Rather, we interpret the change made in the bill by adoption of Amendment No. 1, A, to the substitute amendment, as being intended merely to give the circuit court the same discretion over costs as it possessed in equity actions.

Subsequent to the revision made in ch. 32, Stats., by ch. 639, Laws of 1959, the case of *Jonas v. State* (1963), 19 Wis. (2d) 638, 121 N. W. (2d) 235, came before this court. There, as here, the award in circuit court was less than the commission's award but greater than the basic award. The circuit court awarded costs to the landowners. On the appeal to this court the landowners contended that sec. 271.02 (2), gave the circuit court discretion to award costs to the unsuccessful party. The landowners further contended that the question before this court as to this award of costs was whether it constituted an abuse of discretion. No contention was made that the landowners were the successful party on the appeal. The rationale of this court's holding with respect to the costs issue appears from this extract from the opinion (at p. 647) :

"The circuit court awarded costs to the plaintiffs [landowners]. The state was the successful party in the circuit court since the verdict was less than the award of the commissioners from which the state had appealed. [Citing *Trempealeau County v. Marsh, supra.*]

". . .

"Plaintiffs contend that under the statute the discretion of the court extends to awarding costs to the unsuccessful party in the action. The state takes the position that the discretion extends to what, if any, costs will be allowed to the successful party, but that no portion of the costs may be allowed to the unsuccessful party. Although the statute is somewhat ambiguous, we consider the state's interpretation to be more reasonable. The judgment could properly deny costs to the state but should not have granted costs to the plaintiffs."

The appellant landowners cite *Smithbeck v. Larson* (1864), 18 Wis. 193 (*183) ; *Norwegian Evangelical Lutheran Church v. Thorson* (1866), 21 Wis. 35 (*34) ; and *Cronemillar v. Duluth-Superior Milling Co.* (1908), 134

Wis. 248, 114 N. W. 432. These cases involved appeals from justice court to circuit court where the controlling cost statute was sec. 271.08, Stats., and its predecessor statute, which provide for award of costs to the "successful party" if there had been a trial *de novo* in circuit court. It was held that if the plaintiff recovered anything in circuit court, even though for the same amount as, or less than, the justice court judgment, he was the successful party and entitled to costs. The apparent rationale for so holding was that, because defendant had denied owing anything, plaintiff was successful if he recovered anything in his final judgment in circuit court. However, the proceeding in justice court constituted part of the litigation. Here the litigation did not commence until the appeal to circuit court. Therefore we do not consider that these cited precedents are controlling of the instant issue of costs in eminent-domain appeals to circuit court.

*By the Court.*—Judgment affirmed.

BEILFUSS, J. (*dissenting*). I respectfully dissent on the ground that previous constructions of the term "successful party" as used in sec. 271.08, Stats., apply equally to that term as used in sec. 271.02 (2) and were intended by the legislature so to apply in condemnation appeals to circuit court.

Ch. 133, sec. 38 (3), R. S. 1858, the predecessor to sec. 271.01, provided that costs be allowed of course to the plaintiff upon his recovery in an action over which a justice of the peace had no jurisdiction. Ch. 133, sec. 56, the forerunner of sec. 271.08, provided that costs be allowed the successful party in a new trial on an appeal from justice court. In *Smithbeck v. Larson* (1864), 18 Wis. 193 (*183), the defendant appealed a justice court judgment for $31 and costs. On a new trial in circuit court the plaintiff was award-

ed only $4 damages. It was held that the successful party was the one recovering judgment on the new trial.

In *Norwegian Evangelical Lutheran Church v. Thorson* (1866), 21 Wis. 35 (*34), plaintiff appealed a justice court judgment for 50 cents damages and costs. On a new trial in circuit court he was again awarded 50 cents damages. The *Smithbeck* rule was followed, Mr. Justice COLE pointing out that the defendant could have relieved himself of costs in circuit court by serving upon plaintiff an offer in writing to allow judgment to be taken against him under ch. 97, Laws of 1858 (now sec. 269.02, Stats.). The result of this case was overruled by ch. 189, Laws of 1875, which amended the statute to provide that whenever a party in whose favor judgment was rendered in justice court appealed to circuit court and a new trial was had, if the appellant did not recover a more favorable judgment he should pay costs to the adverse party.

It should be noted that this amendment did not change the definition of successful party as the one who recovers judgment; rather, it reinforced that definition by creating an exception to the general rule. In the cases covered by the amendment the appellant may not tax costs in circuit court notwithstanding the fact that he is the successful party.

By ch. 145, Laws of 1937, the legislature amended sec. 271.02 (2), Stats., inserting the successful party provision in question here. The only other statute in the costs and fees chapter, ch. 271, employing the term "successful party" is sec. 271.035, enacted by ch. 301, Laws of 1949. I conclude that "successful party" as used in these statutes was intended by the legislature to have the same meaning as in sec. 271.08.

The majority attempts, unsuccessfully in my opinion, to distinguish the *Smithbeck Case, supra,* on the ground that the proceedings in justice court were part of the litigation while an administrative proceeding is not. In my view the

rationale of the *Smithbeck Case* is that on a new trial in circuit court when an appeal has been taken from justice court the party recovering judgment is entitled to costs as though there had been no prior action, even though the amount of such costs be different.

The majority relies upon *Jonas v. State* (1963), 19 Wis. (2d) 638, 121 N. W. (2d) 235, and *Trempealeau County v. Marsh* (1948), 252 Wis. 278, 31 N. W. (2d) 519, for its conclusion that the state is the successful party on this appeal because the commission's award was reduced. *Trempealeau County v. Marsh* relied in turn upon *Washburn v. Milwaukee and Lake Winnebago R. Co.* (1884), 59 Wis. 364, 18 N. W. 328.

The *Washburn Case* construed sec. 1849, R. S. 1878, which provided that, on appeal to circuit court from the award of the commissioners in railroad condemnation, costs should be allowed to the successful party on the appeal and added to the amount of the verdict if allowed in favor of the landowners or deducted from the verdict if allowed in favor of the condemnor. In *Trempealeau County v. Marsh, supra,* the statute involved was one of general application to eminent-domain proceedings. It contained language identical to that construed in *Washburn.*

The explicit language of a statute directed to a specific situation was abandoned by the 1959 legislature in favor of reference to the provisions of a general statute under the circumstances pointed out by the majority. The *Jonas Case, supra,* insofar as it adheres to the costs rule of *Trempealeau County v. Marsh, supra,* and *Washburn v. Milwaukee and Lake Winnebago R. Co., supra,* should be overruled.

The majority disregards that portion of sec. 32.05 (10) (b), Stats., which provides that on an appeal from a commission award to circuit court, "The court shall enter judgment for the amount found to be due after giving effect to

any amount paid by reason of a prior award." It is in this context that the statute further provides, "Costs shall be allowed pursuant to s. 271.02 (2)."

Sec. 32.05 (9) (c), Stats., relating to the commission's award, states that all sums due shall be paid within seventy days after the date of filing of said award. Under sec. 32.05 (10) (a), the time for appeal of the commission's award to circuit court is limited to sixty days after the date of filing. The only rational construction of these statutes, in my view, is that the legislature contemplated that the condemnor might appeal the commission's award, then pay it, and thereby become entitled to entry of judgment in its favor and allowance of costs in the discretion of the trial court should the commission's award be reduced. Cf. *Norwegian Evangelical Lutheran Church v. Thorson, supra.* Apparently this procedure was followed in *Ramminger v. State Highway Comm.* (1963), 22 Wis. (2d) 194, 125 N. W. (2d) 406.

I would reverse the judgment and remand it for allowance of costs to the plaintiffs, in the discretion of the court below.

I am authorized to state that Mr. Justice HALLOWS respectfully joins in this dissent.