TOWN BOARD OF the TOWN OF TAYCHEEDAH,
Petitioner-Respondent,

v.

Walter WEBB and Helen Webb, Defendants-Appellants.

Court of Appeals

*No. 83–1210. Submitted on briefs January 5, 1984.—
Decided March 7, 1984.*
(Also reported in 348 N.W.2d 591.)

For the defendants-appellants, the cause was submitted on the briefs of *Dale L. English* of *Colwin, Fortune, Colwin & Pomeroy, S.C.* of Fond du Lac.

For the petitioner-respondent, the cause was submitted on the brief of *Roy W. Thiel, Jr.* of *Thiel and Thiel* of Fond du Lac.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J.   The Webbs seek review of a judgment dismissing their appeal, pursuant to sec. 80.17, Stats., of a Town Board order laying out a highway over their land.  The circuit judge held he lacked subject matter jurisdiction because the appeal (1) was directed to the circuit court rather than to a circuit judge; (2) requested a reversal of the Town Board's order *"in toto"* rather than seeking appointment of commissioners, and (3) was not accompanied by a bond at the time of its filing.  We conclude that the proceedings below were before a circuit judge and not a circuit court and that the entry of a judgment was beyond the circuit judge's jurisdiction.  We therefore vacate the judgment from which this appeal is taken.  Because we have no jurisdiction over direct appeals from a circuit judge, we are without jurisdiction to address the remaining issues raised by the Webbs.  Therefore, the appeal is dismissed.

We agree with the Webbs' argument that although the appeal from the Town Board order was directed to the circuit court, the circuit judge to whom it was assigned should have construed the document as an application to a circuit judge under sec. 80.17, Stats. *Schroedel Corp. v. State Highway Commission,* 34 Wis. 2d 32, 148 N.W. 2d 691 (1967), held that an appeal pursuant to sec. 32.05(9), Stats., of an award of damages by the condemnation commission of Milwaukee county was sufficient to invoke the jurisdiction of a circuit judge.  The *Schroedel* court held:

Although the essential papers filed by the Schroedel Corporation do contain irregularities, a total reading of such papers discloses a clear intent to appeal to the condemnation commission under sec. 32.05 (9), Stats., and supports the conclusion that the assignment by Judge Roller was an assignment by a judge and not that of a court.

*Id.* at 46, 148 N.W.2d at 698. We appreciate that the prayer for relief in *Schroedel* did expressly request that a *judge* assign the appeal to condemnation commissioners, whereas such express invocation of the action of a circuit judge is not stated in the appeal documents in this case. We do note, however, that the appeal in the instant case does seek reversal *"in toto"* from the Town Board order. Such a statement is expressly required by the provisions of sec. 80.17.[1] The appeal also incorporates a copy of the application for the roadway which was filed under sec. 80.02, Stats. From a fair reading of the appeal documents in their entirety, we conclude the intention of the Webbs was to proceed under the appeal provisions of ch. 80 and to invoke the jurisdiction of a circuit judge. The circuit judge should have construed the documents in this light and should not have dismissed the Webbs' appeal on this basis.

We therefore are required, in keeping with this holding, to construe the proceedings below as the actions of a circuit judge under sec. 80.17, Stats. The question then presented is whether the judgment of the circuit judge is appealable.

The role of the circuit judge in condemnation proceedings has been described as administrative and not judicial. *Kultgen v. State Highway Commission*, 12 Wis. 2d

---

[1] "The appeal shall be in writing and shall briefly state the grounds upon which it is made, and whether it seeks to reverse entirely the order or determination or only a part, and in the latter case it shall state what part." Sec. 80.17, Stats.

261, 264, 106 N.W.2d 917, 919 (1961). The role of the judge has been similarly defined in other statutory schemes where actions are before a circuit judge rather than a circuit court. For instance, orders of a judge relating to occupational license matters are denominated administrative orders, not judicial orders. *State ex rel. Marcus v. County Court of Chippewa County,* 260 Wis. 532, 535, 51 N.W.2d 503, 505 (1952). Similarly, an action to remove a town or school district official is an executive, not a judicial, function. *Grob v. Nelson,* 8 Wis. 2d 8, 12–13, 98 N.W.2d 457, 459 (1959) ; *Blado v. Knoll,* 4 Wis. 2d 184, 185, 90 N.W.2d 176, 176 (1958).

The role of the circuit judge under the provisions of secs. 80.17 through 80.20, Stats., in reviewing an order laying out, altering, widening or discontinuing a highway is decidedly limited. The judge is authorized to appoint commissioners, schedule the time and place of their review and examination of the highway, and return their decision and the appeal documents to the municipal clerk. The judge is not involved in the examination, hearing or decision-making process.[2]

In *Town of Muskego v. Town of Vernon,* 19 Wis. 2d 159, 162–63, 119 N.W.2d 474, 476 (1963), the supreme court eliminated that portion of a circuit court judgment which denied an application for the appointment of commissioners under sec. 80.11(6), Stats., as beyond the jurisdiction of a circuit court. We are required to take similar action here. Consistency does not permit us to view the actions below as those of a circuit judge but then to countenance them for purposes of an appeal as those of a circuit court. By so doing, we would reject the very ruling recited herein under the *Schroedel* reasoning.

---

[2] The role of the circuit judge is similarly limited in an appeal of the compensation award. *See* secs. 80.24 through 80.28, Stats.

Section 808.01(1), Stats., defines an appeal as a "review in an appellate court . . . of a *judgment or order of a circuit or county court.*" (Emphasis added.) Section 808.03(1), Stats., provides that "[a] final judgment or a final order of a *circuit court* . . ." (emphasis added) may be the subject of an appeal to the court of appeals. Neither of these statutes contemplates the decision of a circuit judge acting in a nonjudicial capacity as a proper subject of appellate review.

Without a valid judgment, the Webbs' appeal to this court is insufficient to vest us with jurisdiction to address their remaining claims. If the Webbs are aggrieved by the decision of the circuit judge acting in a nonjudicial capacity, other procedures must be utilized to obtain judicial review.[3]

Because the entry of the judgment was in excess of the circuit judge's authority, it is ordered vacated. Because we have no jurisdiction over an appeal from a nonjudicial order, the appeal is ordered dismissed.

*By the Court.*—Judgment vacated and appeal dismissed.

---

[3] These might take the form of a writ of mandamus, certiorari, prohibition, declaratory relief, etc., depending upon the circumstances and the issues presented.

If the Webbs are aggrieved by a subsequent order of the commissioners, the proper procedure to attack the order is under sec. 80.34, Stats.