IN the INTEREST OF JASON R.N., a person under the age of 18:

STATE of Wisconsin, Plaintiff-Respondent,

v.

JASON R.N., Defendant-Appellant.†

Court of Appeals

*No. 95–1728. Submitted on briefs February 16, 1996.—Decided April 10, 1996.*

(Also reported in 549 N.W.2d 752.)

†Petition to review denied.

646

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Eileen A. Hirsch*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general; *Joseph F. Paulus*, district attorney; and *Stephanie A. Stauber*, assistant district attorney.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

SNYDER, J.   Jason R.N. appeals from a juvenile court order imposing sanctions for his failure to comply with a dispositional order. Jason contends that the trial court erred when it imposed sanctions without first holding an evidentiary hearing. Jason also argues that the sanctions motion was insufficient because it failed to show: (1) that attempts had been made to obtain his compliance by utilizing the interventions outlined in § 118.16(5), STATS.,[1] and (2) that his compliance could not be obtained through means other than secure detention.

Because the court imposed the sanctions without first holding the required evidentiary hearing, we reverse. We also address Jason's arguments regarding

---

[1] Section 118.16(5), STATS., has been amended. The amendments do not affect the application of the statute for purposes of this case. *See* 1995-96 Wis. Act 77, §§ 458-465.

the sufficiency of the sanctions motion, concluding that § 118.16(5), STATS., is not applicable to a sanctions hearing and that the imposition of an appropriate sanction is left solely to the discretion of the juvenile court.

Jason was found delinquent and placed on supervision by a dispositional order. The conditions of the dispositional order included "Jason shall attend school on a regular basis and abide by all school rules and regulations." After outlining other conditions of supervision, the dispositional order concluded:

> **BY ORDER OF THE COURT**, if Jason breaks these rules or fails to follow any other orders of the Court, Jason may be referred back to Court. Pursuant to Wisconsin Statute 48.355(6)(d), the Court may order any of the following sanctions if the Court's order is not followed.

The sanctions listed included secure detention, suspension of Jason's driving privileges, detention in his home or a requirement that he perform uncompensated community service work.

A motion for sanctions was filed by the district attorney, alleging that Jason had failed to complete required community service, had failed to pay restitution and had been truant. At a hearing, the State withdrew its request for sanctions as to the community service and restitution, but requested ten days in secure detention for truancy from school. After hearing defense counsel's motions for dismissal, the court imposed the requested sanction and this appeal followed.

The State concedes that the juvenile court "ruled prematurely by imposing a sanction before formally taking evidence and making findings of fact as to the

extent of Jason R.N.'s truancy from school." Under § 48.355(6)(c), STATS.,[2] the court is required to hold a hearing at which the child is entitled to be represented by legal counsel and to present evidence. If the juvenile court fails to make findings of fact, this court may reverse and remand for making findings. *State v. B.S.,* 162 Wis. 2d 378, 402, 469 N.W.2d 860, 870 (Ct. App. 1991). We therefore reverse and remand for the juvenile court to engage in factfinding on the issue of Jason's truancy.

Jason raises two arguments as to the juvenile court's authority to impose sanctions for truancy. He argues that unless the steps outlined in § 118.16(5), STATS., have been taken prior to the sanctions hearing, the trial court's actions are unwarranted. Jason also maintains that a sanction of secure detention can only be imposed if his compliance with the dispositional order cannot otherwise be obtained. Because a resolution of these issues will substantially impact the juvenile court's determination of appropriate sanctions in this case, we address Jason's arguments.

■ The construction of a statute or application of a statute to a particular set of facts is a question of law and is decided without deference to the trial court. *Minuteman, Inc. v. Alexander,* 147 Wis. 2d 842, 853, 434 N.W.2d 773, 778 (1989). Section 118.16(5), STATS., states that "[p]rior to any proceeding being brought against a child under s. 48.13(6) or against the child's parent or guardian under s. 118.15," a school officer shall provide evidence that specific steps were taken to determine the reason for the truancy. The necessary

---

[2] Under the revisions to the juvenile code, this section has been repealed and recreated as § 938.355(6), STATS. *See* 1995-96 Wis. Act 77, §§ 288, 629.

steps include meeting with the child's parents, providing educational counseling to the child and evaluating the child for learning difficulties and/or social problems that may be interfering with school attendance. *See* § 118.16(5)(a)-(d).

Section 48.13(6), STATS.,[3] gives the court jurisdiction over a child alleged to be in need of protection or services (CHIPS) because of habitual truancy from school. This section can be invoked only after evidence is provided that § 118.16(5), STATS., was followed.

Jason was adjudged delinquent under § 48.12, STATS., and was not a CHIPS juvenile under § 48.13(6), STATS. The sanctions proceeding was due to violations of a dispositional order from a delinquency determination and not from a CHIPS determination. Because the introduction to § 118.16(5), STATS., limits its application to §§ 48.13(6) and 118.15, STATS., the statute is plainly inapplicable to this case. Where the statute is clear, the reviewing court may not look beyond the statute to determine its meaning. *Olsen v. Township of Spooner,* 133 Wis. 2d 371, 375, 395 N.W.2d 808, 810 (Ct. App. 1986).

Furthermore, to require a school's assurance that certain steps are fulfilled before a juvenile court can impose sanctions for truancy is to place the school between the juvenile and the court. This would seriously hamper the court's ability to enforce a school attendance requirement in a dispositional order. By its plain language, the steps outlined in § 118.16(5),

---

[3] This section has been repealed. *See* 1995-96 Wis. Act 77, § 78. It has been recreated as § 938.13, STATS. *See* 1995-96 Wis. Act 77, § 629.

STATS., are specifically limited to children who are found to be habitual truants and are therefore in need of protection or services (CHIPS). We conclude that these steps are not a prerequisite to the very different situation where a court imposes sanctions for truancy in violation of a dispositional order.

■

Jason also contends that the sanction of secure detention can only be employed if the court can show it was the *only* means available to get him to comply with the school attendance requirement of his dispositional order. He bases this on a single sentence in *B.S.,* 162 Wis. 2d at 398, 469 N.W.2d at 868, where we stated, "Secure detention can be appropriate when the juvenile's compliance cannot otherwise be obtained."[4] Therefore, he maintains, this sanction is inappropriately applied unless the juvenile court can show that it is the only available means of assuring his school attendance. We disagree.

Section 48.355(6), STATS., addresses the imposition of sanctions. It provides in relevant part:

SANCTIONS FOR VIOLATION OF ORDER. (a) If a child who has been adjudged delinquent violates a condition specified in [a dispositional order], the court may impose on the child one of the sanctions specified in par. (d) . . . .

---

[4] Jason also supports this contention with other language in *State v. B.S.,* 162 Wis. 2d 378, 398, 469 N.W.2d 860, 868 (Ct. App. 1991), wherein we noted that the court's alternatives include a "scale of sanctions, graduated in severity." He then hypothesizes that "the juvenile trial court should be required to either impose one of the less severe sanctions before it imposes secure detention or explain why a less severe sanction would not obtain the juvenile's compliance with the court's dispositional order."

....
(d) The court may order any one of the following sanctions:

1. Placement of the child in a secure detention facility or juvenile portion of a county jail . . . for not more than 10 days and educational services consistent with his or her current course of study during the period of placement.

2. Suspension of or limitation on the use of the child's operating privilege . . . for a period of not more than 90 days. . . .

3. Detention in the child's home or current residence for a period of not more than 20 days under rules of supervision specified in the order. . . .

4. Not more than 25 hours of uncompensated community service work in a supervised work program . . . .

The statute contemplates a discretionary determination of appropriateness when it states that "the court may impose on the child one of the sanctions specified in par. (d)." *Id.* There is no requirement in this statutory section that a juvenile court apply the various sanctions in graduated order of severity. The juvenile court is simply allowed to determine the most appropriate sanction based on the facts of the particular case and the infraction by the particular juvenile.

We find further support for this analysis in *B.S.*, 162 Wis. 2d at 394, 469 N.W.2d at 866. There we stated:

["Sanctions"] describes only the power conferred on the juvenile court to coerce a recalcitrant child to comply with the conditions stated in the court's dispositional order. . . . "Sanctions" aid the court in furthering the objectives of a specific dispositional order designed for the welfare of the child, by giving

to the court a modicum of control over a delinquent child which the court would not otherwise have.

The language in *B.S.* affirms our position that the imposition of appropriate sanctions is left solely to the discretion of the juvenile court. If it is claimed that a juvenile court has improperly applied the sanction statute, that action will be reviewed and may be set aside if it is a misuse of judicial discretion. *See id.* at 396, 469 N.W.2d at 867. However, on its face the imposition of secure detention as a sanction for a truancy violation is not a misuse of discretion. In many cases, secure detention which includes educational services is the only appropriate means of impressing upon the recalcitrant juvenile the importance of adhering to the dispositional order's requirement of regular school attendance.

We therefore reverse and remand for a factfinding hearing on the issue of Jason's truancy. If the juvenile court determines that sanctions are warranted, appropriate sanctions should be determined pursuant to § 48.355(6), STATS., and with consideration of this opinion.

*By the Court.*—Order reversed and cause remanded with directions.